IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                     CRIMINAL CASE NO.: 2:10-cr-160-SA-14

JEREMIAH STARKS                                                   DEFENDANT

<u>ORDER</u>

The Defendant, Jeremiah Starks, has filed a Motion to Terminate Supervised Release [1278], wherein he requests that the Court terminate his term of supervised release prior to its expiration. The Government does not oppose the requested relief.

After Starks pled guilty to drug conspiracy and unlawful possession of a firearm, this Court sentenced him to serve a term of imprisonment of 115 months followed by eight years of supervised release. *See* [744]. Starks states in his Motion [1278] that he has been on supervised release since August 17, 2017. He also represents to the Court that he has employment, has not violated any federal or state laws, has no evidence of recent drug or alcohol use, and lives in a stable home environment. Furthermore, he asserts that he "will have a chance of better employment if his supervision is terminated as he wishes to drive for a trucking company which would require him to drive out of state." [1278] at p. 2.

"[T]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). District courts retain broad discretion under Section

3583(e)(1). *See U.S. v. Pittman*, 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing *U.S. v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998)).

Section 3553(a)(1) concerns "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id*. at § 3553(a)(1). As noted above, Starks pled guilty to drug conspiracy and unlawful possession of a firearm. These are serious charges that involved numerous other co-defendants and which carry significant penalties. Section 3583(e)(1) also states that the Court should consider Section 3553(a)(2)(B), which addresses the need for the sentence imposed "to afford adequate deterrence to criminal conduct[.]" *Id*. at § 3553(a)(2)(B). Although the Defendant has served over four years on supervised release, the Court imposed an eight-year term. The Defendant still has a significant period of time on supervision, and the Court does not believe that terminating supervision at this point will serve to deter future criminal conduct. The Court also finds relevant Section 3553(a)(2)(C), which concerns the need "to protect the public from further crimes of the defendant." *Id*. at § 3553(a)(2)(C). The Court has not been advised of any further crimes of the Defendant since his release from custody. Continued supervision will likely provide additional deterrence to engaging in criminal activity.

Ultimately, Section 3583(e)(1) authorizes the Court to terminate a term of supervision before its expiration if the Court is satisfied that the action is warranted by the Defendant's conduct and the interests of justice. The Court does not find that the interests of justice would be served by terminating the Defendant's supervision such a significant time prior to its expiration. The Motion [1278] is DENIED.

SO ORDERED, this the 16th day of February, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE